J-S75002-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DALE FOSTER | |
| Appellant | No. 788 EDA 2013 |

Appeal from the PCRA Order March 7, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1008631-1998

BEFORE:  ALLEN, J., LAZARUS, J., and MUNDY, J.

MEMORANDUM BY MUNDY, J.:                **FILED DECEMBER 19, 2014**

Appellant, Dale Foster, appeals *pro se* from the March 7, 2013 order, dismissing as untimely his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.   After careful review, we vacate and remand for further proceedings.

This case has a tortured procedural history, which we summarize as follows.  On October 20, 1999, Appellant was found guilty by a jury of one count each of aggravated assault, carrying a firearm without a license, carrying firearms in public, persons not to possess a firearm, criminal trespass, possession of an instrument of a crime, terroristic threats, simple assault, recklessly endangering another person (REAP), resisting arrest, and

criminal conspiracy.[1]  On December 16, 1999, the trial court imposed an aggregate sentence of 24½ to 77 years' imprisonment.  Appellant did not file any post-sentence motions.  On November 9, 2001, this Court affirmed the judgment of sentence.  *Commonwealth v. Foster*, 792 A.2d 613 (Pa. Super. 2001) (unpublished memorandum) (*Foster I*).  Appellant did not file a petition for allowance of appeal in our Supreme Court.

Appellant timely filed his first PCRA petition on November 12, 2002.  The PCRA court dismissed said petition on October 20, 2004.  On June 15, 2006, this Court dismissed Appellant's appeal, concluding that Appellant had waived all issues by not filing a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b).  *Commonwealth v. Foster*, 905 A.2d 1042 (Pa. Super. 2006) (unpublished memorandum) (*Foster II*).

On March 28, 2007, Appellant filed a second *pro se* PCRA petition.  Counsel, who represented Appellant in the first PCRA, filed a supplemental PCRA petition on July 13, 2007, alleging that Appellant was deprived of the effective assistance of counsel due to counsel's own failure to file a Rule 1925(b) statement during his first PCRA appeal.  On a motion from the Commonwealth, the PCRA court appointed new counsel for Appellant.  The

---

[1] 18 Pa.C.S.A. §§ 2702, 6106, 6108, 6105, 3503, 907, 2706, 2701, 2705, 5104, and 903, respectively.

Commonwealth also informed the PCRA court that it did not oppose the restoration of Appellant's PCRA appeal rights *nunc pro tunc*.

On February 2, 2009, the PCRA court entered the following order.

> AND NOW this 29th day of January 2009 on motion of John P. Cotter, Esq., Attorney for [Appellant, Appellant]'s PCRA petition is granted and [Appellant]'s appeal rights are reinstated and [Appellant] is permitted to file a notice of appeal *nunc pro tunc* from the denial of PCRA relief imposed in the above matter within 30 days of the date hereof.

PCRA Court Order, 2/2/09. Accordingly, Appellant filed a timely notice of appeal *nunc pro tunc* from the denial of PCRA relief to this Court on February 4, 2009.

On March 26, 2010, this Court issued its decision in an unpublished memorandum. Relevant to this appeal, this Court characterized the case as a direct appeal *nunc pro tunc* from Appellant's judgment of sentence. The panel specifically concluded as follows.

> As already noted, we determine this case is before us on direct appeal, *nunc pro tunc*, from [Appellant]'s judgment of sentence. While both [Appellant] and the Commonwealth believe this case is before us as a collateral appeal from the denial of [Appellant]'s first PCRA petition, we disagree. Here, Judge Dembe granted [Appellant]'s second PCRA petition, and reinstated his right to file a direct appeal *nunc pro tunc*, which [Appellant] did.

*Commonwealth v. Foster*, 996 A.2d 541 (Pa. Super. 2010) (unpublished memorandum at 7) (*Foster III*). The Court declined to address any of Appellant's claims of ineffective assistance of counsel on appeal pursuant to

*Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002), in which our Supreme Court held that claims of ineffective assistance of counsel must be deferred to collateral attack under the PCRA. *Id.* at 738; *Foster III*, *supra*. The panel concluded that it could not address Appellant's claims of trial counsel ineffectiveness because the trial court did not conduct an evidentiary hearing or develop a record. *Id.* Therefore, this Court concluded "the proper disposition is to dismiss his claim without prejudice to proceed pursuant to the PCRA." *Id.* Neither Appellant nor the Commonwealth filed a petition for allowance of appeal in our Supreme Court.

On May 7, 2010, Appellant filed the instant *pro se* PCRA petition. On December 17, 2010, counsel filed an amended PCRA petition. After a substitution of counsel, a second amended PCRA petition was filed on Appellant's behalf on October 17, 2011. The Commonwealth filed its motion to dismiss on December 22, 2011. On July 12, 2012, Appellant filed a supplemental amended petition. The Commonwealth filed a supplemental answer on November 13, 2012.

On January 22, 2013, the PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. On January 31, 2013, Appellant filed a *pro se* response, and on February 21, 2013, Appellant filed a counseled response. On March 7, 2013, the PCRA court entered its final order dismissing

Appellant's PCRA petition as untimely. On March 11, 2013, Appellant filed a timely notice of appeal.[2]

On appeal, Appellant raises one issue for our review.

> I.   Did the [PCRA] court err in denying Appellant an evidentiary hearing because it failed to apply the provisions authorized by the Superior Court's March 26, 2010 judgment and because of ineffective assistance of PCRA counsel?

Appellant's Brief at 4.

We begin by noting our well-settled standard of review. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014) (internal quotation marks and citation omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). "It is well-settled

---

[2] On March 14, 2013, the PCRA court entered an order directing Appellant to file a Rule 1925(b) statement within 21 days. Counsel for Appellant complied on April 3, 2013. On April 17, 2013, Appellant filed a *pro se* supplemental Rule 1925(b) statement, objected to counsel's Rule 1925(b) statement, and claimed ineffective assistance of PCRA counsel. On May 10, 2013, Appellant filed an application for remand in this Court for the PCRA court to conduct a hearing pursuant to ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998). On May 29, 2013, this Court remanded the case for 60 days for the PCRA court to conduct a ***Grazier*** hearing. The PCRA court conducted the required ***Grazier*** hearing on October 17, 2013 and granted Appellant the right to proceed *pro se*.

that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record." ***Commonwealth v. Robinson***, 82 A.3d 998, 1013 (Pa. 2013) (citation omitted). However, this Court reviews the PCRA court's legal conclusions *de novo*. ***Commonwealth v. Rigg***, 84 A.3d 1080, 1084 (Pa. Super. 2014) (citation omitted).

Before we may address the merits of Appellant's arguments, we must first consider the timeliness of Appellant's PCRA petition because it implicates the jurisdiction of this Court and the PCRA court. ***Commonwealth v. Davis***, 86 A.3d 883, 887 (Pa. Super. 2014) (citation omitted). Pennsylvania law makes clear that when "a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition." ***Commonwealth v. Seskey***, 86 A.3d 237, 241 (Pa. Super. 2014) (citation omitted), *appeal denied*, 101 A.3d 103 (Pa. 2014). The "period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can be extended only if the PCRA permits it to be extended[.]" ***Commonwealth v. Ali***, 86 A.3d 173, 177 (Pa. 2014) (internal quotation marks and citation omitted), *cert. denied*, ***Ali v. Pennsylvania***, --- U.S. ---, 2014 WL 2881005 (2014). This is to "accord finality to the collateral review process." ***Commonwealth v. Watts***, 23 A.3d 980, 983 (Pa. 2011) (citation omitted). "However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set

forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), are met."

***Commonwealth v. Lawson***, 90 A.3d 1, 5 (Pa. Super. 2014) (citation omitted).  The PCRA provides, in relevant part, as follows.

### § 9545.  Jurisdiction and proceedings

…

(b) Time for filing petition.—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within

> 60 days of the date the claim could have been presented.
>
> …

42 Pa.C.S.A. § 9545(b).

In the case *sub judice*, Appellant argues that the PCRA court erred in treating the instant petition as untimely. In Appellant's view, "the one-year time limitation from the latest judgment from the Pennsylvania Superior Court … [and t]hat would be the March 26, 2010 [j]udgment of the Superior Court docketed at #433 EDA 2009." Appellant's Brief at 7. After careful review, we are constrained to agree.

It was the judgment of this Court on March 26, 2010 that Appellant's appeal docketed at 433 EDA 2009 was a direct appeal *nunc pro tunc* from his December 16, 1999 original judgment of sentence. **Foster III**, **supra** at 1, 6, 7. Therefore, Appellant's judgment of sentence was affirmed by this Court on March 26, 2010, despite already having been affirmed on November 9, 2001 after a consideration of Appellant's issues on the merits. **See, e.g.**, **Foster I**, **supra** at 3-6. Neither Appellant nor the Commonwealth filed a petition for allowance of appeal in our Supreme Court from our decision in **Foster III**. Consequently, the effect of this Court's judgment in **Foster III** was to reset the clock for the purposes of the PCRA time-bar. **See, e.g.**, **Commonwealth v. Callahan**, 101 A.3d 118, 122 (Pa. Super. 2014) (concluding, "[the a]ppellant's judgment of sentence became final on … the last day [the a]ppellant could have filed his direct appeal *nunc*

*pro tunc*[]"), *citing* **Commonwealth v. Turner**, 73 A.3d 1283, 1286 (Pa. Super. 2013) (stating, "the time for filing a PCRA petition restarted thirty days after the … order reinstating [the a]ppellant's direct appeal rights, and a PCRA petition filed [within one year] would be a timely first petition[]") (citations omitted), *appeal denied*, 91 A.3d 162 (Pa. 2014). Therefore, Appellant's judgment of sentence became final on April 26, 2010, when the filing period for an *allocatur* petition in our Supreme Court expired.[3] **See** 42 Pa.C.S.A. § 9545(b)(3) (stating, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[]"); Pa.R.A.P. 1113(a) (stating, "a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior Court … sought to be reviewed[]"). As a result, Appellant had until April 26, 2011 to timely file a PCRA petition. As Appellant filed the instant petition on May 7, 2010, it was timely filed. Therefore, the PCRA court's conclusion that the PCRA petition was untimely was not correct.

---

[3] We observe that the 30th day fell on Sunday, April 25, 2010. When computing the 30-day filing period "[if] the last day of any such period shall fall on Saturday or Sunday … such day shall be omitted from the computation." 1 Pa.C.S.A. § 1908. Therefore, the 30th day for Appellant to file a timely *allocatur* petition was Monday, April 26, 2010.

Based on the foregoing, we are constrained to conclude that the PCRA court erroneously dismissed Appellant's instant PCRA petition as untimely filed.[4] Accordingly, the PCRA court's March 7, 2013 order is vacated, and the case is remanded for further proceedings consistent with this memorandum.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/19/2014

---

[4] We express no opinion on the merits of any issues raised below, nor as to whether the PCRA court is required to hold an evidentiary hearing. We further observe that although this is now Appellant's first PCRA petition and he was entitled to counsel under Pennsylvania Rule of Criminal Procedure 904(C), Appellant received counsel in the PCRA court, and later successfully sought to proceed *pro se* under **Grazier**. Therefore, any representation issue is moot.